Stephen P. Connor, WSBA No. 14305
Anne-Marie E. Sargent, WSBA No. 27160
CONNOR & SARGENT PLLC
999 Third Avenue, Suite 3000
Seattle WA 98104
(206) 654-5050

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARVIN MANN, on his own behalf and on behalf of a CLASS OF SIMILARLY SITUATED EMPLOYEES OF DEFENDANT,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>No.<br><br>COMPLAINT FOR WAGES<br><br>**JURY OF TWELVE (12) DEMANDED** |

Plaintiff Marvin Mann, on his own behalf and on behalf, as representative, of a class of similarly situated employees of Defendant Boeing Company, alleges the following Complaint for violation of Washington's Minimum Wage Act, RCW 49.46, and Washington's Rebate Act, RCW 49.52.

**I. INTRODUCTION**

1. Plaintiff, an employee of Defendant, brings this Complaint on his own behalf and on behalf of all those similarly situated, challenging Defendant's practice of failing to pay overtime to the First Line Leaders (FLLs) in Manufacturing and Production. Plaintiff alleges

COMPLAINT - 1

**CONNOR & SARGENT PLLC**
999 Third Avenue, Suite 3000
Seattle WA 98104
(206) 654-5050 • FAX (206) 340-8856

1  that Defendant's failure to pay overtime to the FLLs violates Washington's Minimum Wage Act, RCW 49.46.130(1), and Washington's Wage Rebate Act, RCW 49.52.050.

2. Upon information and belief, Defendant has employed hundreds of FLLs in Manufacturing and Production in Washington State in the three years preceding the filing of this Complaint.

3. Accordingly, Plaintiff seeks relief on a class-wide basis, including unpaid wages, return of wages unlawfully rebated, liquidated damages, attorneys' fees and costs. Plaintiff and the Class also seek to enjoin Defendant from continuing violations.

## II. PARTIES

4. Plaintiff Marvin Mann ("Mann") resides in Everett, Washington and is a current employee of Defendant.

5. Defendant The Boeing Company ("Boeing") is a Delaware corporation and manufacturer of airplanes.

## III. JURISDICTION AND VENUE

6. Venue for this action properly lies in with this court because Defendant does business in this judicial district.

7. This Court has jurisdiction over Plaintiff's state law claims under the Washington Minimum Wage Act, RCW 49.46 and Washington's Wage Rebate Act, RCW 49.52 pursuant to 28 USC Section 1331.

## IV. FACTS

8. Boeing is a manufacturer of airplanes, among other things. Plaintiff has been employed with Boeing for nineteen years. For fifteen years he worked as an hourly, unionized employee. For the last four years of his employment, Plaintiff has been a First Line Leader (FLL), or Level 1 Manager, in Manufacturing and Production. Shortly before filing this Complaint, Plaintiff returned to an hourly, union position due to fear of retaliation.

9. Plaintiff's duties as an FLL included conferring with the prior shift's manager upon arrival to determine the status of the project; assigning his subordinates to tasks for the shift; reassigning as necessary for absent workers or delays in the project; leading the shift meeting, following a list of directives from Defendant; following the schedule as set out by the Defendant's industrial engineers; auditing equipment and parts for compliance; and overseeing the work of the employees on his shift.

10. Plaintiff has no authority to hire and fire employees. Plaintiff has authority only to document policy violations and provide them to the Human Resources. Plaintiff is responsible for implementing any discipline as dictated by Human Resources.

11. Plaintiff has no input into managing the enterprise or a department of the enterprise.

12. Plaintiff has no opportunity or authority to exercise his discretion or independent judgment.

13. Upon information and belief, the duties and restrictions identified in Paragraphs 9 through 12 apply to all FLLs in Manufacturing and Production of Boeing's 777 airplanes pursuant to its policies and procedures.

14. Plaintiff regularly works ten to twenty hours of overtime per week.

15. The class of similarly situated FLLs in the 777 Manufacturing and Production regularly work overtime hours.

16. Defendant is aware, by complaints from Plaintiff and other class members to their superiors and to Defendant's Human Resources Department, that FLLs in Manufacturing are working these overtime hours.

17. Defendant does not pay FLLs for their overtime hours, or permit FLLs to "flex" their overtime hours.

18. Defendant prohibits Plaintiff and the putative Class from recording their actual hours worked, including their overtime hours. Specifically, Defendant's record keeping system does not allow FLLs to record their hours worked over forty in a week.

19. Defendant's illegal practices as described above are continuing.

20. Plaintiff and the Class have been damaged by Defendant's failure to pay them overtime in an amount to be determined at trial.

21. Plaintiff and the Class have been further damaged by Defendant's failure to permit them to record their actual hours worked.

## CLASS ACTION ALLEGATIONS

22. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

23. Pursuant to CR 23, Plaintiff brings this class action on his own behalf and on behalf of all employees similarly situated ("Class Members" or "Class") pursuant to RCW 49.46 and RCW 49.52.

24. Plaintiffs propose the following class definition:

> All First Line Leaders (FLLs) in Manufacturing and Production who worked for Defendant in the state of Washington at any time from three years preceding the filing of this Complaint through the present.

25. **Numerosity**. The class is so numerous and geographically dispersed that joinder of all members is impracticable. Upon information and belief, Defendant employed hundreds of FLLs in Manufacturing in Washington State during the proposed class period.

26. **Common Questions of Law and Fact**. The questions of law and fact are the same for all of the class members, namely, whether Defendant failed to pay them overtime rates for their hours worked over 40; whether the duties and restrictions proscribed for FLLs in Manufacturing meet the test for any of the exemptions from overtime under state law; whether Defendant permitted class members to record their actual hours worked; and whether Defendant's failure to pay overtime wages to class members was willful, entitling the class to double damages pursuant to RCW 49.52.070.

27. **Representatives' Claims are Typical of Class**. Plaintiff's claims are typical of the class, namely, that he is employed with Defendant as an FLL in Manufacturing, that he works significant overtime, that Defendant prohibited him from recording his actual hours worked, and that Defendant has failed to pay him overtime for those hours.

28. **Representative Party Will Fairly and Adequately Protect Class**. Plaintiff Mann will adequately represent and protect the interests of the class because he has retained competent and experienced class counsel and none of his interests in the litigation are antagonistic to the other members of the class.

29. **A Class Action is Maintainable**. The prosecution of separate actions by individual members of the class against Defendant on the class-based wage and hour claims and other state law claims would create the risk of inconsistent or varying adjudications and incompatible standards of treatment for wage and hour purposes of the employees under Washington's laws. Defendant has acted and continues to act in a manner that is generally applicable to all members of the class making final injunctive relief appropriate prohibiting continued wage and hour violations. The questions of law and fact common to all members of the class predominate over questions affecting only individual members of the class because the members of the class were subjected to the same practices of Defendant, and a class action is the superior method to adjudicate this controversy. Upon information and belief, there are no other pending class actions concerning these issues.

## VI. CAUSES OF ACTION

30. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

**A.     Violations of Washington's Minimum Wage Act, RCW 49.46.**

31. Defendant failed to pay Plaintiff and similarly situated employees overtime pay for their hours worked in excess of forty hours per week in violation of Washington's Minimum Wage Act, RCW 49.46.130(1) *et seq*.

32.     Plaintiff and the Class Members have been damaged by Defendant's violations of Washington's Minimum Wage Act in amounts to be determined at trial.

**B.     Violations of Washington's Wage Rebate Act, RCW 49.52.**

33.     Defendant's aforementioned failure to pay Plaintiff and similarly situated employees overtime rates for their overtime hours is a rebate of wages in violation of Washington's Wage Rebate Act, RCW 49.52 *et seq*.

34.     Plaintiff and the Class Members have been damaged by Defendant's violations of Washington's Wage Rebate Act in amounts to be determined at trial.

**C.     Violations of Record keeping Requirements, WAC 296-126-050.**

35.     Defendant failed to maintain accurate records of the hours worked by Plaintiff and the putative class in violation of WAC 296-126-050.

36.     Plaintiff and the putative class have been damaged by Defendant's violations of WAC 296-126-050 in amounts to be determined at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff and the Class of similarly situated employees of Defendant request the following relief:

A.     An order certifying a class action of all First Line Leaders in Manufacturing and Production who worked for Defendant in Washington State from three years preceding the filing of this complaint through the present;

B.     An order appointing Plaintiff as the representative of the Class;

C.     An order appointing Stephen P. Connor and Anne-Marie E. Sargent of Connor & Sargent PLLC, as the counsel for the Class;

D.     Judgment against Defendant The Boeing Company for wages due to Plaintiff and the class of all similarly situated employees in an amount to be determined at trial;

E.    Judgment against Defendant for exemplary damages for unlawfully and willfully withholding wages pursuant to RCW 49.52.070;

F.    An order permanently enjoining Defendant from continuing its practice of the aforementioned wage and hour law violations;

G.    An award of reasonable attorneys' fees and costs pursuant RCW 49.46.090, RCW 49.48.030, RCW 49.52.070;

H.    Judgment against Defendant for failing to maintain accurate hours of Plaintiff and the Class's hours worked;

I.    Pre-judgment interest on all back wages and damages awarded to Plaintiff and the Class;

J.    Damages in the amount of any adverse tax consequences of any award;

K.    Allowing Plaintiff to amend its pleadings to conform to the proof at trial; and

L.    For such other relief in law or equity, which the Court finds appropriate, just or equitable.

DATED this 21st day of September, 2015.

CONNOR & SARGENT PLLC

By s/Anne-Marie E. Sargent
Stephen P. Connor, WSBA No. 14305
Anne-Marie E. Sargent, WSBA No. 27160
Attorneys for Plaintiff and the Putative Class
999 Third Avenue, Suite 3000
Seattle, WA 98104
Email: aes@cslawfirm.net
Telephone: (206) 654-4011