UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MARVIN MANN,                              )
                                          )
                    Plaintiff,            )   No. C15-1507RSL
                                          )
        v.                                )
                                          )   ORDER DENYING PLAINTIFF'S
                                          )   RENEWED MOTION FOR
THE BOEING COMPANY,                       )   CLASS CERTIFICATION AND
                                          )   DIRECTING PLAINTIFF TO
                                          )   SHOW CAUSE
                    Defendant.            )
_____)

This matter comes before the Court on "Plaintiff's Renewed Motion for Class Certification," Dkt. # 51, which incorporates by reference the facts and arguments in plaintiff's first motion for class certification, Dkt. # 26. In this case, plaintiff claims that defendant The Boeing Company ("Boeing") violated Washington state law by wrongfully denying him overtime pay through improper invocation of the executive and administrative exemptions from Washington's minimum wage and overtime requirements. This is the second round of briefing over plaintiff's proposed definition of the class of Boeing employees who were similarly wrongfully denied overtime pay. Having reviewed the parties' briefs, declarations, and exhibits, and the remainder of the record, the Court finds as follows.

ORDER DENYING PLAINTIFF'S RENEWED
MOTION FOR CLASS CERTIFICATION AND
DIRECTING PLAINTIFF TO SHOW CAUSE

**BACKGROUND**

From 2011 to 2015, plaintiff worked as a Level K manager at Boeing's factory in Everett, Washington. Decl. of Mann (Dkt. # 29-1) at ¶ 2–3. Level K is the lowest of three tiers of "non-executive" managers at Boeing. Decl. of Sykes (Dkt. # 37) at ¶ 7. Level K managers supervise crews of ten to thirty unionized employees, Decl. of Mann at ¶ 18, and are sometimes referred to as "First Line Leaders" or "FLLs," Decl. of Sykes at ¶ 9. In Boeing's system of job classification, employees are assigned to particular operations and subdivided further into "job families," each of which is identifiable by a classification code. Id. Because plaintiff's "job family" code was DAKU and he was a Level K manager, his position was classified as DAKU-K. Id. at ¶ 8. In September 2015, plaintiff resigned from his DAKU-K position. Id. at ¶ 2–3.

Plaintiff alleges that Boeing incorrectly categorized his DAKU-K position as exempt from Washington's overtime pay requirements and asks the Court to certify a class of DAKU-K workers who were similarly miscategorized. After the Court denied plaintiff's first motion for class certification on the grounds that plaintiff's original proposed class failed to satisfy the commonality requirement of Fed. R. Civ. P. 23(a), Dkt. # 49, plaintiff filed this renewed motion for class certification. Plaintiff defines the proposed class as follows:

> Boeing Job DAKU-K employees at its Everett facility directly supervising IAM members engaged directly in the assembly of 777 (but not the 777X) aircraft in the Everett factory, excluding employees whose principal supervisory responsibilities were related to training, tooling, staffing, quality control or who held Boeing Production System positions or other positions involving cross operational initiatives including Tactical Manager positions.

Dkt. # 51 at 2. Boeing argues that this revised class definition still fails to meet Rule 23's

ORDER DENYING PLAINTIFF'S RENEWED
MOTION FOR CLASS CERTIFICATION AND
DIRECTING PLAINTIFF TO SHOW CAUSE     -2-

commonality requirement. Dkt. # 52.

**DISCUSSION**

Plaintiff seeks class certification for his state law claims under Fed. R. Civ. P. 23(b)(3). Pursuant to Rule 23(a), members of a class may sue or be sued as representative parties if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

A plaintiff seeking class certification must affirmatively demonstrate that each of these four elements is satisfied. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). To determine this, it may be necessary for the Court to go "beyond the pleadings." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013). Defendant does not dispute plaintiff's assertion that the proposed class meets the numerosity and adequacy of representation requirements of Rule 23(a).

To satisfy the commonality requirement, a plaintiff must be able to show that the claims of class members rely on a common contention capable of class-wide resolution in such a way that the issues may be resolved "in one stroke." Dukes, 564 U.S. at 350. What matters is not that a plaintiff raises common questions, but that those questions generate common answers that have the capacity to drive litigation in a class action. Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009). Commonality cannot be determined without a precise understanding of the nature of the underlying claims. Parsons v. Ryan, 754 F.3d 657, 676 (9th Cir. 2014). Accordingly, while claims hinging on subjective employment decisions by many managers in different locations are likely not susceptible of a

ORDER DENYING PLAINTIFF'S RENEWED
MOTION FOR CLASS CERTIFICATION AND
DIRECTING PLAINTIFF TO SHOW CAUSE      -3-

single common answer, claims that a company's compensation policy violated the law may well be.  See Vaquero v. Ashley Furniture Indus., Inc., 824 F.3d 1150, 1154 (9th Cir. 2016); Jimenez v. Allstate Ins. Co., 765 F.3d 1161, 1165–66 (9th Cir. 2014).

In this case, plaintiff claims that Boeing incorrectly classified him as an individual "employed in a bona fide executive, administrative, or professional capacity," RCW 49.46.010(3)(c), thus rendering him exempt from the overtime pay requirements of RCW 49.46.130(1).  Plaintiff's argument turns on whether his responsibilities as a DAKU-K met the regulatory definitions of "executive" or "administrative" work.  See WAC §§ 296-128-510, -520.

Like plaintiff's original class definition, plaintiff's revised class definition includes managers across several different operations with a wide variety of responsibilities.  Though plaintiff has narrowed his class to DAKU-Ks "directly supervising IAM members engaged directly in the assembly of 777 . . . aircraft in the Everett facility," this class still comprises managers across all three of Boeing's "Manufacturing Business Units," each of which has different responsibilities and different senior management.  See Dkt. # 56 at ¶ 10.  Boeing introduces evidence that the responsibilities of a DAKU-K varies widely depending on his or her Manufacturing Business Unit, his or her shift, the degree of supervision required by his or her crew, and the leadership abilities of the DAKU-K him- or herself.  Dkt. # 52 at 10–14.

Of course, variation among the tasks actually performed by a group of workers with a single role within a company does not *per se* disqualify those workers from class certification: in any workplace, managers with identical authority and responsibilities will be called upon to *exercise* that authority and responsibility in different ways.

But here, even plaintiff's own class definition indicates that employees within the proposed class are empowered with different authority and responsibilities:  plaintiff's class

ORDER DENYING PLAINTIFF'S RENEWED
MOTION FOR CLASS CERTIFICATION AND
DIRECTING PLAINTIFF TO SHOW CAUSE    -4-

1   definition excludes DAKU-Ks "whose principal supervisory responsibilities were related to
2   training, tooling, staffing, quality control or who held Boeing Production System positions or
3   other positions involving cross operational initiatives including Tactical Manager positions."
4   This suggests that DAKU-Ks have different "principal supervisory responsibilities," and though
5   plaintiff seeks to exclude the ones that might qualify for the overtime exemption, his definition
6   leaves open the possibility that a variety of "principal supervisory responsibilities" remain. As
7   supervisory responsibilities are the central question in plaintiff's case, plaintiff cannot meet the
8   commonality requirement without showing commonality of "principal supervisory
9   responsibilities." In other words, it is possible that every Boeing employee in plaintiff's
10  proposed class was incorrectly classified as exempt. But plaintiff has not shown that every
11  Boeing employee in the proposed class was classified incorrectly *for the same reasons*.
12  Accordingly, plaintiff has failed to meet his burden under Rule 23(a).

13  Because plaintiff's revised proposed definition fails the commonality requirement of Fed.
14  R. Civ. P. 23(a)(2), this Court need not determine whether plaintiff's claims are typical of the
15  class under Rule 23(a)(3) or whether a class action can be maintained under Rule 23(b)(3).

16  Plaintiff may not submit a second renewed motion for class certification. In the briefing
17  on plaintiff's original motion for class certification, plaintiff replied to Boeing's response with a
18  revised class definition. Dkt. # 44 at 12 n.19. Boeing objected to this revised definition in a sur-
19  reply. Dkt. # 46. In considering plaintiff's motion for class certification, this Court looked only
20  to the class definition proposed in plaintiff's motion, but granted plaintiff permission to file a
21  renewed motion with a revised class definition. Dkt. # 49 at 5. Plaintiff then filed this renewed
22  motion proposing the revised class definition currently under review – but rather than briefing
23  the Rule 23 analysis, plaintiff simply "incorporate[d] by reference" the facts and arguments in
24  his original motion. Dkt. # 51. When Boeing challenged the sufficiency of this "perfunctory,

26  ORDER DENYING PLAINTIFF'S RENEWED
    MOTION FOR CLASS CERTIFICATION AND
    DIRECTING PLAINTIFF TO SHOW CAUSE    -5-

two-page motion," Dkt. # 52 at 4, plaintiff replied with yet another revised class definition, supported by more substantive briefing, Dkt. # 62. Boeing again objected in a sur-reply to plaintiff's "bait-and-switch routine." Dkt. # 67. While this Court has broad discretion in deciding whether to modify a class definition, four bites at the apple are more than enough.

Plaintiff may proceed with his claims in his individual capacity rather than on behalf of a class, though absent class certification he may not be able to meet the amount-in-controversy threshold for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Because plaintiff filed this case in federal court, he bears the burden of establishing this Court's subject-matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008).

## CONCLUSION

For all of the foregoing reasons, plaintiff's renewed motion for class certification (Dkt. # 51) is DENIED. Plaintiff is hereby ORDERED TO SHOW CAUSE on or before February 3, 2017, why this case should not be dismissed for lack of subject-matter jurisdiction. The Clerk of Court is directed to place this order to show cause on the Court's calendar for February 3, 2017.

DATED this 18th day of January, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S RENEWED
MOTION FOR CLASS CERTIFICATION AND
DIRECTING PLAINTIFF TO SHOW CAUSE     -6-